In the Matter of AMERICAN RIGGERS, INC., Debtor.

Bankruptcy No. B–3–79–444.

United States Bankruptcy Court, S. D. Ohio, W. D.

April 14, 1982.

Gary E. Wright, Fairborn, Ohio, for Newco, Inc.

John Ducker, Dayton, Ohio, Trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon the Trustee's Objection to the Allowance of the Proof of Claim filed on 4 May 1979 by Newco, Inc., hereinafter Newco. The Court heard the matter on 25 January 1982. The following decision is based upon the evi-

dence adduced at the hearing, Newco's Trial Memorandum and the record.

█ The pertinent facts are not in controversy. Newco possesses a security interest in Debtor's "1972 Hyster Fork Lift—Serial # A24D23915, 1962 Hyster Fork Lift—Serial # C5D3059G, and 1960 Hyster Fork Lift—Serial # C6D5079D," (hereinafter the collateral). For purposes of O.R.C. Chapter 1309, the collateral constitutes "equipment" as defined in O.R.C. § 1309.-07(B). In order to perfect a security interest in equipment, Ohio law, as applies to this case, requires a "dual" filing in both the County Recorder's Office located in the same county as the debtor's principal place of business and the Office of the Secretary of State for Ohio. On 19 October 1977, Newco properly filed a financing statement identifying the collateral in the Montgomery County (Ohio) Recorder's Office. Newco, however, has never filed a financing statement identifying the collateral in the Office of the Secretary of State for Ohio. Hence, Newco's security interest was unperfected at the time of the filing of Debtor's Petition under 11 U.S.C. Chapter XI of the Bankruptcy Act on 22 March 1979. O.R.C. §§ 1309.21 and .22. In addition, Newco's interest in the collateral is therefore *prima facie* subordinate to the Trustee's. 11 U.S.C. § 110(a) *; O.R.C. § 1309.-20(A)(2) and (C).

█ Newco contends, however, that the matter at bar is in actuality a "circular priority" problem whereby the Trustee's interest is subordinated to Newco's. The pertinent third party is Winters National Bank and Trust Company (hereinafter WNB), which duly perfected its security interest in the collateral on 13 January 1978 by a proper dual filing as required by O.R.C. § 1309.-38(B). Since WNB's interest in the collateral was perfected prior to Debtor's Petition, WNB's interest has priority over the Trustee's. 11 U.S.C. § 110(a) *; O.R.C. §§ 1309.20(C) and .31(E)(1).

Newco contends that its interest in the collateral is superior to WNB's because WNB "had knowledge of the contents of (Newco's) financing statement . . . prior to the bankruptcy being filed." Apparently, on the same day that WNB filed its financing statements covering the subject collateral, (13 January 1978), WNB requested any information from both the County Recorder's Office and the Secretary of State as to any other filings listing the collateral. On 24 January 1978, WNB received a reply from the County Recorder's Office informing WNB of Newco's filing of a financing statement of 19 October 1977.

Newco bases its alleged priority over WNB on O.R.C. § 1309.38(B), UCC–9–401 which provides:

A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of sections 1301.01 and 1309.50 of the Revised Code, and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

Newco contends that, by virtue of O.R.C. § 1309.38(B), ". . . Newco is ahead of (WNB) in terms of priority to the funds generated from the sale of (the collateral)." Newco's ultimate conclusion is that, "Since all parties agree that (WNB) has priority over the Trustee, and since Newco, as has been shown, has priority over (WNB), it follows that Newco has priority over the Trustee."

█ The threshold question before the Court is whether Newco does, in fact, have priority over WNB pursuant to O.R.C. § 1309.38(B). It is the finding of the Court that Newco does not. The parties do not dispute that Newco's "single" filing was made in good faith. It is the determination of the Court, however, that "knowledge" of a good faith, yet incomplete filing as contemplated in O.R.C. § 1309.38(B) must have been received prior to the subsequent perfecting of a security interest against which the previous filing is alleged to be effective.

---

* Of the Bankruptcy Act, see now 11 U.S.C. § 544(a) of the Bankruptcy Code.

In this case, there is no evidence of record indicating that WNB had any actual knowledge or any reason to know of Newco's previous filing. It is the opinion of the Court that, unless a creditor is shown to have affirmatively "closed its eyes" to previous filings, the proper perfection of a security interest cannot be uprooted by the subsequent discovery of a prior incomplete attempt to perfect a security interest in the same collateral. The broad purpose underlying O.R.C. Chapter 1309 is to minimize the risk involved in secured lending by standardizing the procedures for the filing of security interests so that creditors have readily verifiable means of ascertaining the interests of others in property used to secure the extension of credit. O.R.C. § 1309.38(B) is obviously intended to reverse the rules of priority in situations where it would be manifestly unjust to grant normal priority to a creditor when that creditor did not in fact rely on the filing provisions of O.R.C. Chapter 1309 because of actual knowledge of another creditor's interest, and where the other creditor would have had priority over that creditor but for technical, good faith filing error. O.R.C. § 1309.38(B), however, was not intended to reverse the normal rules of priority when a creditor, subsequent to proper perfection, learns that another creditor had earlier attempted to perfect an interest in the same collateral.

Furthermore, the savings provisions of Ohio Revised Code § 1309.38(B) (UCC 9–401(2)) are not operative to render the filing effective as against a trustee in bankruptcy who is chargeable with knowledge, under Ohio Revised Code § 1309.20(C) (UCC 9–301(3)) only if all the creditors have knowledge of the security interest. The security interest was not perfected, but merely effective against persons with knowledge. See decision by this Court, *In Re Throckmorton's Inc.*, 4 UCC Rep. 240 (1966) and extensive annotations in UCC Case Digest ¶ 9401.27 and ¶ 9301.33. This established rationale is not altered by a "circuity of lien" fabrication as to only one creditor.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to the Allowance of Newco's claim of 4 May 1979 as a secured creditor is SUSTAINED.